UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: Christopher T. Swift and Marcia A. Swift, <br> Debtor(s). | Bankruptcy No. 07 B 12787 <br> Chapter 13 <br> Judge Manuel Barbosa |

## MEMORANDUM OPINION

This matter comes before the Court on the motion for relief from stay or, alternatively, the motion to dismiss case for failure to make plan payments filed by creditor GMAC Mortgage LLC ("GMAC"), pursuant to 11 U.S.C. §§ 362(d)(1), 1307, on November 13, 2008. For the reasons set forth herein, the Court grants GMAC's motion for relief from stay and denies GMAC's motion to dismiss.

## JURISDICTION AND PROCEDURE

The Court has jurisdiction to decide these matters pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. They are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(G).

## FACTS AND BACKGROUND

Debtors Christopher T. Swift and Marcia A. Swift ("Debtors") filed a Chapter 13 voluntary bankruptcy petition on July 17, 2007. Debtors filed Schedules A and D on August 1, 2007 that listed two secured mortgages from GMAC a.k.a. Ditech.Com Home Loan (refinance of prior first mortgage on January 2007 for $452,075) and GMAC (second mortgage on July 2006 for $88,299) on Debtor's main residential property located at 601 Sennett St in Batavia, Illinois. Debtors' Chapter 13 Plan, filed August 1, 2007, provides for the cure of the default of the GMAC mortgage and maintenance of current monthly payments. According to the proposed Chapter 13 Plan dated August 1, 2007, the Plan provides for direct post-petition payments to

GMAC for $3,530.35 per month on the first mortgage and $765 per month on the second mortgage.

Debtor is past due on post-petition payments to GMAC after September 1, 2008. The total post-petition default through November 1, 2008 to GMAC is $3,220.75. Accordingly, on November 13, 2008, GMAC filed a motion for relief from stay, under 11 U.S.C. § 362(d)(1), for lack of adequate protection or, in the alternative, a motion to dismiss, pursuant to 11 U.S.C. § 1307, for failure to make plan payments. In the November 13, 2008 motion, GMAC states that the balance owed as of petition date was $89,502.38. This equates approximately to the value of Debtor's second mortgage to GMAC as listed on Debtor's Schedule D. Moreover, Debtor is three months or $2,295.75, plus $925 in costs and fees, in post-petition default on the second GMAC mortgage.

On January 8, 2009, Debtors filed an answer to GMAC's motion for relief from stay and/or motion to dismiss. In Debtors' answer, they allege that GMAC failed to specify which of the two mortgages the GMAC motion relates to, and, therefore, Debtors sought denial of GMAC's motion for relief or, at minimum, "strict proof" of the allegations. In addition, Debtors assert that they may have a potential short sale purchaser. Moreover, Debtors argue that GMAC was non-responsive when Debtors contacted them about using third-party financing, which is no longer available. As an aside, Debtors state that the first GMAC mortgage was transferred from GMAC to MGC Mortgage, Inc. on July 1, 2008 and then from MGC Mortgage, Inc. back to GMAC on November 3, 2008.

On January 21, 2009, GMAC filed a reply to Debtor's answer. GMAC asserts that the record reflects that its motion for relief from stay pertains to the second GMAC mortgage because the post-petition arrearage occurred over three months at $765 per month for a total of $2,295, plus costs and fees, which equals three monthly payments on the second GMAC

mortgage as stated in Debtors' Plan, dated August 1, 2007. Moreover, GMAC asserts that Debtors did not deny GMAC's allegations in their answer and the record reflects that GMAC was a secured creditor on a second mortgage on the subject residential property. GMAC further states that Debtors' potential short sale purchaser is irrelevant since the deal was never consummated. In addition, GMAC asserts that the transfers of the first mortgage from GMAC to MGC and then back to GMAC are irrelevant because this motion for relief pertains to the second GMAC mortgage. GMAC seeks an order modifying stay pursuant to § 362(d) and allowing fees and costs.

## DISCUSSION

Pursuant to 11 U.S.C. § 362(a), the automatic stay was enacted "to prevent certain creditors from gaining a preference for their claims against the debtor; to forestall the depletion of the debtor's assets due to legal costs in defending proceedings against it; and, in general, to avoid interference with the orderly liquidation or rehabilitation of the debtor." In re Tewell, 355 B.R. 674, 678 (Bankr. N.D. Ill. 2006) (quoting In re Pleasant, 320 B.R. 889, 893 (Bankr. N.D. Ill. 2004)). Section 362(d) of the Bankruptcy Code provides for relief from the automatic stay and states in pertinent part as follows:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> (2) with respect to a stay of an act against property under subsection (a) of this section, if-
> (A) the debtor does not have an equity in such property; and
> (B) such property is not necessary to an effective reorganization[.]

[11 U.S.C. § 362(d).]

Thus, § 362(d) provides two grounds under which relief from the automatic stay may be granted. In re Tewell, supra, 355 B.R. at 679 (citations omitted). The first ground is cause,

including lack of adequate protection. Ibid. (citing 11 U.S.C. § 362(d)(1)). "Cause" has not been clearly defined and is determined on a case-by-case basis. In re Fernstrom Storage & Van Co., 938 F.2d 731, 735 (7th Cir. 1991). The second ground is that the debtor does not have equity in the property and the property is unnecessary to an efficacious reorganization. In re Tewell, supra, 355 B.R. at 679 (citing 11 U.S.C. § 362(d)(2)). The first ground is the one applicable here: whether the creditor GMAC can assert its rights under the second mortgage as "cause" for relief from the stay under § 362(d)(1).

As the party that requests relief from the stay, GMAC only bears the burden on the issue of the Debtor's equity in the real property. In re Tewell, supra, 355 B.R. at 679 (citing 11 U.S.C. § 362(g)(1); Fed. Nat'l Mortgage Ass'n v. Dacon Bolingbrook Assocs. Ltd. P'ship, 153 B.R. 204, 208 (N.D. Ill. 1993); In re Standfield, 152 B.R. 528, 534 (Bankr. N.D. Ill. 1993)). GMAC can meet this burden by introducing evidence of Debtor's continued failure to tender periodic payments on GMAC's secured debt. Fed. Nat'l Mortgage Ass'n, supra, 153 B.R. at 208 (citing In re Ocasio, 97 B.R. 825, 826 (Bankr. E.D. Pa. 1989)). The Debtor, opposing such relief, has the burden of proof on all other issues. In re Tewell, supra, 355 B.R. at 679 (citing 11 U.S.C. § 362(g)(2); Fed. Nat'l Mortgage, supra, 153 B.R. at 208; Standfield, supra, 152 B.R. at 534). Furthermore, the decision to modify or otherwise annul the automatic stay pursuant to § 362(d) is committed to the sound discretion of the bankruptcy court. Ibid. (citing In re C & S Grain Co., 47 F.3d 233, 238 (7th Cir. 1995); In re Boomgarden, 780 F.2d 657, 660 (7th Cir. 1985); Holtkamp v. Littlefield (In re Holtkamp), 669 F.2d 505, 507 (7th Cir. 1982)).

As a creditor seeking to modify or annul the stay, GMAC has the burden of showing the existence, the validity, and the perfection of its secured claim against the real property. Ibid. (citing In re S. Ill. Railcar Co., 301 B.R. 305, 309 (Bankr. S.D. Ill. 2002)). State law determines whether a valid security interest exists in property. Ibid. (citing Butner v. United States, 440 U.S.

48, 54-57, 99 S. Ct. 914, 59 L. Ed. 2d 136 (1979); In re Martin Grinding & Mach. Works, Inc., 793 F.2d 592, 594 (7th Cir. 1986)). The parties do not dispute that GMAC has a valid security interest in Debtor's second mortgage.

Here, pursuant to 11 U.S.C. § 362(d)(1), as the party that requests relief from the stay, GMAC has met its burden by introducing evidence of Debtor's continued failure to tender periodic payments on GMAC's secured debt for the second mortgage, Fed. Nat'l Mortgage Ass'n, supra, 153 B.R. at 208, while Debtors have failed to meet their burden on opposing GMAC's motion for relief from stay, 11 U.S.C. § 362(g)(2); see also In re Tewell, supra, 355 B.R. at 679. While GMAC does not specify whether its motion for relief from stay pertains to its first or second mortgage, the record reflects that GMAC's motion relates to the second mortgage on GMAC's secured debt. As previously indicated, Debtor's proposed Chapter 13 Plan provides for direct post-petition payments to GMAC for $3,530.35 per month on the first mortgage and $765 per month on the second mortgage. According to GMAC's required statement accompanying its motion for relief from stay, Debtor had post-petition default of three months at $765 per month, which equals $2,295, or, alternatively, three monthly payments on the second GMAC mortgage. Moreover, Debtor's post-petition default of $2,295.75, plus fees, is less than one monthly mortgage payment on the first mortgage ($3,530.35).

**CONCLUSION**

For the foregoing reasons, the Court grants GMAC's motion for relief from stay and denies GMAC's motion to dismiss.

THEREFORE, IT IS ORDERED that

the foregoing constitutes findings of fact and conclusions of law as required by Fed. R. Civ. P. 52(a) and Fed. R. Bankr. P. 7052. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021 giving effect to the determinations reached herein.

DATE: February 19, 2009

The Honorable Manuel Barbosa
United States Bankruptcy Judge